**Appeal Dismissed and Memorandum Opinion filed October 5, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00584-CV

## IN THE INTEREST OF M.L.R.S., A CHILD

**On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2019-70099**

## MEMORANDUM OPINION

This is an appeal from a final order affecting the parent-child relationship. Tex. Fam. Code Ann. § 109.002(a). On August 26, 2021 and August 30, 2021, appellant attempted to file a brief that was not in compliance with the Texas Rules of Appellate Procedure. In particular, the brief repeatedly included a minor's unredacted name in the brief in violation of Texas Rules of Appellate Procedure 9.9(a)(3) and (b). Accordingly, on September 14, 2021, this court ordered the brief stricken and instructed appellant to file a compliant brief within 10 days. The court further instructed appellant that the brief must not only be devoid of mentions of the minor's unredacted name, but it must also include aliases of that minor's family

members, such as initialed names, pursuant to Texas Rule of Appellate Procedure 9.8(b)(1)(B). The court further warned appellant that if she filed another noncompliant brief, the court may strike it, prohibit her from filing another, and proceed as if she had failed to file a brief pursuant to Texas Rule of Appellate Procedure 38.9(a).

Appellant's new brief filed September 23, 2021[1] does not substantially comply with this court's order. Among other things, the brief lists the first and last name of the appellant, the minor's mother, roughly 150 times without redaction, and further lists the first and last names of the minor's great grandmother more than 80 times without redaction. The brief also lists the minor's father's unredacted name multiple times. Moreover, the brief's appendix lists the first name of the minor's sibling multiple times. As near as can be determined, appellant made little to no effort to comply with this court's instruction to include aliases for the minor's family members. In addition, the brief's appendix includes the minor's unredacted name at least once.

Due to this sensitive data included in appellant's amended brief (in contravention of this court's previous instructions), the court concludes appellant has violated briefing rules. Therefore, this court hereby orders the amended brief **STRICKEN**, prohibits appellant from filing another brief, and proceeds as if appellant has failed to file a brief. *See* Tex. R. App. P. 38.9(a). Therefore, this court hereby dismisses the appeal for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1); *In re M.A.K.*, No. 02-06-00204-CV, 2007 WL 495170, at *1 (Tex. App.—Fort Worth Feb. 15, 2007) (striking appellant's brief and dismissing his appeal when, after being informed of substantial defects in his brief, appellant failed to file an

---

[1] This brief was preceded by two other briefs which were returned for deficiencies regarding an unsearchable appendix in violation of Texas Rule of Appellate Procedure 9.4(j) and the lack of a valid signature in violation of Texas Rule of Appellate Procedure 9.1(c).

amended brief curing defects).


PER CURIAM

Panel consists of Justices Spain, Hassan, and Poissant.